UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA BREAUX | * | CIVIL ACTION NO. |
| | * | |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| JASON HAKES, | * | |
| F2F TRANSPORT, LLC, and | * | |
| AMTRUST NORTH AMERICA, INC. | * | MAG: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. § 1441(B) (DIVERSITY JURISDICTION)

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, **JASON HAKES**, **F2F TRANSPORT, LLC**, and **AMTRUST NORTH AMERICA, INC.** ("Defendants") with full reservation of any and all rights, defenses, and objections, hereby give notice of the removal to this Court of the State Court Action described below, and in support state:

### BACKGROUND

**1.**

Jason Hakes, F2F Transport, LLC, and AmTrust North America, Inc. were named as defendants in a civil action commenced on September 6, 2022 in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *"Joshua Breaux versus Jason Hakes, F2F Transport LLC, AmTrust North America Inc."* bearing docket number 2022-08285, Division A. A complete copy of the state court record is attached as Exhibit "A."

**2.**

Plaintiff claims that on or about November 11, 2021, he was driving a 2016 Toyota Corolla stopped in the center lane of travel due to traffic on Interstate 10 near the Louisa Street exit when

he was struck by a 2005 Acura TL driven by Terrence Mitchell, not named in this suit. Petition for Damages, ¶ III, IV.

3.

Plaintiff further claims that the 2005 Acura TL was rear ended by Defendant, Jason Hakes, pushing the Acura TL into the center lane and striking the Breaux vehicle, resulting in injuries to his person. Petition for Damages, ¶ V, VI.

4.

Plaintiff alleges that at the time of the accident, Defendant Jason Hakes was an employee/lease operator of F2F Transport, LLC, acting in the course and scope of his employment. Petition for Damages, ¶ VII

5.

Plaintiff states that at the time of the accident, AmTrust North America, Inc. insured the vehicle that was operated by Jason Hakes and owned by F2F Transport, LLC. Petition for Damages, ¶ I.

6.

Plaintiff seeks to recover for:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future emotional distress;

c. Past, present, and future medical expenses;

d. Loss of enjoyment of life;

e. Lost wages; and

f. Loss of earning capacity.

Petition for Damages, ¶ XI.

7.

However, Plaintiff does not specifically enumerate or describe his alleged damages or injuries.

## DIVERSITY OF CITIZENSHIP

8.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

9.

As pleaded, Plaintiff, Joshua Breaux, is and was a citizen of the State of Louisiana, both at the time of filing of this suit and at the time of removal.

10.

As pleaded, Defendant, Jason Hakes, is and was a citizen of the State of Alabama.

11.

Defendant, F2F Transport, LLC, as pleaded, is and was a foreign company with its principal place of business in Chattanooga, Tennessee, both at the time of filing this suit and at the time of removal.  The sole member of F2F Transport, LLC is Mike McCallie who resides in Chattanooga, Tennessee.  As such, the citizenship of F2F Transport, LLC is Tennessee.

12.

Defendant, AmTrust North America, Inc., is and was, at the time the state action was commenced, a Delaware corporation with its principal place of business in Ohio.  AmTrust North America, Inc. is thus a citizen of the States of Delaware and Ohio for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

13.

Because Plaintiff is a Louisiana resident, and Defendants are citizens of Alabama, Tennessee, Delaware, and Ohio, complete diversity exists in this action.

## AMOUNT IN CONTROVERSY

14.

The $75,000.00 amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. Louisiana law prohibits a plaintiff from alleging a specific amount of damages in the complaint. LA. CODE CIV. P. art. 893. Because Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

15.

Plaintiff's Petition for Damages does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by LA. CODE CIV. PROC. art. 893(A)(1). Although most Louisiana federal courts have stated that the failure to include an art. 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See*, *e.g.*, *Trahan v. Drury Hotels Co. LLC*, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm*, 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi-Chem Grp., LLC*, 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012). In light of Plaintiff's claimed damages, his failure to include such a statement in his prayer for relief makes it apparent that more than $75,000 is at stake in this case.

**16.**

Louisiana courts have found that the potential award for general damages where herniated discs are alleged and the plaintiff has not undergone surgery are significant, and that the amount in controversy requirement is satisfied when such allegations are made. *Thomas v. Louis Dreyfus Commodities, LLC*, 2016 WL 1317937 *4 (M.D. La. 2021).

**17.**

The Western District of Louisiana denied remand and found the jurisdictional minimum satisfied where defendants produced MRIs showing herniated discs in the cervical and lumbar spine of the plaintiff, though he did not have any surgical recommendations. *Reeves v. TPI Restaurants Inc.*, 2007 WL 1308380 *2 (W.D. La.).

**18.**

This Court has similarly denied remand and found that the jurisdictional minimum was satisfied where attached medical records indicated that the initially recommended surgery had been cancelled but plaintiff continued to suffer from "radiating pain in her extremities, neck pain, back pain, joint pain, and swelling." *McDonald v. Target Corp. of Minn.*, 2011 WL 2160495 (E.D. La.). The Court noted that "Louisiana jurisprudence indicates that …injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery." *Id*. (citing *Rico v. Sewerage and Water Bd. of New Orleans,* 929 So.2d 143 (La. App. 4th Cir. 2006).

**19.**

The Western District has similarly noted that even in the absence of surgical recommendations, Louisiana courts have awarded $50,000 - $60,000 for multiple herniated discs. *Robinson v. K-mart Corp.*, 2011 WL 2790192 *4 (M.D. La.) (citing *White v. Progressive Sec. Ins. Co.*, 6 So.3d 860 (La. App. 3rd Cir. 2009) ($60,000 awarded to injured motorist for multiple disc

protrusions in the cervical region with pain lasting more than two years). One Louisiana appellate court has further found that $50,000 is the lowest reasonable general damage award within the jury's discretion for a nonsurgical herniated disc. *Sanchez v. Dubuc*, 110 So.2d 1140, 1146 (La. App. 5th Cir. 2013).

**20.**

Further, courts must also consider a plaintiff's request for general and special damages as a whole. Here, Plaintiff has alleged: past, present, and future physical pain and suffering; past, present, and future emotional distress and mental anguish; past, present, and future medical expenses; loss of enjoyment of life; lost wages; and loss of earning capacity. Courts have awarded general damages to plaintiffs who have had cervical and lumbar injuries, at several times the amount of incurred medical expenses. *See e.g.*, *Collier v. Benedetto*, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000 to $75,000 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); *Perez v. State ex rel. Crescent City Connection*, 753 So.2d 913, 914-15 (La. App. 4th Cir. 2000) (affirming award of $150,000 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000); and *Wehbe v. Waguespack*, 720 So.2d 1267, 1270-72 (La. App. 5th Cir. 1998) (affirming award of "185,000.00 for general damages for a herniated C3-4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590).

**21.**

Medical records submitted by Plaintiff indicate substantially similar injuries. He began treating with Dr. Matthew Laudun of LA Health Solutions on November 17, 2022 with complaints of headaches, neck pain, and pain in the upper, mid, and lower back.[1] Plaintiff received a lumbar medial branch block but found no relief from his symptoms. On February 8, 2022, Dr. Kevin Johnson performed an MRI of Plaintiff's lumbar spine. The MRI revealed minor to moderate bilateral facet arthrosis and a left intraforaminal/extraforaminal annular disc bulge at L4-L5 and minor bilateral facet arthrosis at L3-L4 without central spinal stenosis or foraminal stenosis. The MRI additionally revealed minor to moderate bilateral facet arthrosis and a left intraforaminal/extraforaminal disc herniation (protrusion) at L5-S1, resulting in minor neural foraminal stenosis on the left, but no central spinal stenosis or right foraminal stenosis. Plaintiff was diagnosed with thoracic facet syndrome, causing axial mid-back pain; lumbrosacral facet joint syndrome, causing axial lower back pain; and lumbar disc herniation, causing axial lower back pain.[2] On June 10, 2022, Plaintiff underwent a diagnostic lumbar medial branch nerve block at the L3-L4, L4-L5, and L5-S1 levels.[3] Due to Plaintiff's axial lower back pain failing conservative care, including spinal injections, it was recommended that Plaintiff undergo bilateral L3-S1 lumbar endoscopic medial branch rhizotomies/neurotomies, which he underwent on August 18, 2022.[4] A follow-up visit with LA Health Solutions revealed that while Plaintiff received some relief from

---

[1] Plaintiff's Billing Statement from LA Health Solutions (Neurology), dated January 25, 2022, attached hereto as Exhibit B.
[2] Plaintiff's Medical Records from Diagnostic Imaging Services, dated February 8, 2022, attached hereto as Exhibit C.
[3] Plaintiff's Medical Records from LA Health Solutions, dated June 10, 2022, attached hereto as Exhibit D.
[4] Plaintiff's Medical Records from LA Health Solutions, dated August 18, 2022; itemized bill and invoice from Avala Hospital, dated September 30, 2022, attached hereto as Exhibit E.

the procedure, he still has lower back pain.  Plaintiff is still treating, and his last appointment was September 1, 2022.[5]

## REMOVAL IS PROPER

**22.**

Defendant, Jason Hakes, was served with the Petition for Damages on September 14, 2022. Defendant, F2F Transport, LLC was served on September 15, 2022.   Defendant, AmTrust North America, Inc. has not yet been served with the Petition for Damages, but once service is made upon them, undersigned counsel will provide representation.

**23.**

Defendants file this Notice of Removal within thirty (30) days from the date of service and within one year after commencement of this action, which was filed on September 6, 2022. This removal is therefore timely pursuant to 28 U.S.C.A. § 1446 (b)(3) and (c)(1).

**24.**

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Thus, venue is proper in this Court under 28 U.S.C. § 1441(a).

**25.**

This Court has original jurisdiction according to 28 U.S.C. § 1332(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

---

[5] Plaintiff's Medical Records from LA Health Solutions, dated September 1, 2022, attached hereto as Exhibit F.

**26.**

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, to affect the removal of this action to the United States District Court for the Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Jason Hakes, F2F Transport, LLC, and AmTrust North America, Inc. pray that Civil Action No. 2022-08285, currently pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that Defendants have all additional and further relief to which they may be entitled.

Respectfully submitted:

**DUPLASS, APLC**

  _/s/ Raven Fielding Benoit_____
**JOSEPH G. GLASS (#25397)**
**RAVEN FIELDING BENOIT (#33125)**
**ARTHUR B. WILLIAMS, JR. (#38600)**
433 Metairie Road, Suite 600
Metairie, Louisiana 70005
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
jglass@duplass.com
rfielding@duplass.com
awilliams@duplass.com
**Counsel for Defendants, Jason Hakes, F2F Transport, LLC, and AmTrust North America, Inc.**

02683576-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2022, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Raven Fielding Benoit*

_____
**RAVEN FIELDING BENOIT**